**Armando Hilario RUIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 03–96–00188–CR.**

Court of Appeals of Texas,
Austin.

Feb. 13, 1997.

David B. Fannin, Austin, for appellant.

Ronald Earle, District Attorney, Jonathan D. Stick, Assistant District Attorney, Austin, for appellee.

Before Carroll, C.J., and KIDD and B.A. SMITH, JJ.

PER CURIAM.

A jury found appellant guilty of aggravated sexual assault of a child and assessed punishment, enhanced by a previous felony conviction, at imprisonment for life and a $10,000 fine. Tex. Penal Code Ann. § 22.021 (West 1994 & Supp.1997).[1] We will affirm.

Appellant lived with the complainant, the complainant's older brother (J.D.), and the complainant's mother (Mary Martinez) for a period of over four years. During this time, he engaged in frequent acts of anal inter-course with the complainant, who was four years old when the acts began. This conduct took place after the complainant and his brother returned home from school, while their mother was at work. On appellant's order, J.D., who was one year older than the complainant, acted as a lookout while appellant sodomized the complainant. J.D.'s duty was to warn appellant should the complainant's mother return home unexpectedly. Appellant struck the complainant if he resisted, and threatened to kill both the complainant and J.D. if they told anyone of appellant's actions.

The complainant and his brother testified by closed-circuit television. *See* Tex.Code Crim. Proc. Ann. art. 38.071, § 3 (West Supp. 1997). The only persons in the room with the children when they testified were the judge, counsel for appellant and the State, the court reporter, a victim services counselor, and the operators of the television equipment. Appellant and the jury remained in the principal courtroom and watched the testimony on a television monitor. In his sole point of error, appellant contends the use of this procedure violated his Sixth Amendment right of confrontation with regard to J.D.'s testimony. U.S. Const. amend. VI. Appellant does not raise this contention with regard to the complainant's testimony.

■ Provided there is an adequate showing of necessity, the state interest in protecting a child from the trauma of testifying in a child abuse case is sufficiently important to justify the use of a procedure that permits the child to testify in the absence of face-to-face confrontation with the defendant. *Maryland v. Craig,* 497 U.S. 836, 855, 110 S.Ct. 3157, 3168–69, 111 L.Ed.2d 666 (1990). *Craig* involved testimony via closed-circuit television by the victim in a child sexual abuse case. One year later, the Court of Criminal Appeals, citing *Craig,* held that neither the Sixth Amendment nor article I, section 10 of the Texas Constitution were violated when a child witness who was not the victim of the charged offense was permitted to testify by means of closed-circuit television. *Gonzales v. State,* 818 S.W.2d 756, 761–66 (Tex.Crim.App.1991). In *Gonzales,*

1. The 1995 amendment to section 22.021 is irrelevant to this cause.

the child witnessed the sexual assault and fatal beating of her younger sister by the defendant.

■ The requisite showing of necessity must be made on a case-by-case basis. The trial court must hear evidence and determine that: the closed-circuit television procedure is necessary to protect the welfare of the child witness; the child witness would be traumatized by the presence of the defendant; and the emotional distress suffered by the child witness in the presence of the defendant is more than de minimis, that is, more than mere nervousness or reluctance to testify. *Craig,* 497 U.S. at 855–56, 110 S.Ct. at 3168–69; *Gonzales,* 818 S.W.2d at 762; *see also Hightower v. State,* 822 S.W.2d 48, 50–51 (Tex.Crim.App.1991); *Dufrene v. State,* 853 S.W.2d 86, 90 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). Appellant contends that such a showing was not made in this cause.

■ Appellant's objection to the closed-circuit television procedure was taken up at a pretrial hearing. At this hearing, Mary Martinez testified that appellant had threatened to kill J.D., that the boy was very afraid of appellant, and that he suffered from nightmares. She also testified that appellant had beaten J.D. with a heavy cane and that the boy had a scar on his head where appellant had thrown him against a coffee table. Martinez said that J.D. "talks about having to see the person again, and he is afraid that he will be able—in the courtroom will be able to come and hurt him in some way."

David Navarre, a clinical social worker and J.D.'s therapist, also testified at the pretrial hearing. Navarre stated that J.D. "has been traumatized" and "is afraid of being hurt." In Navarre's opinion, face-to-face contact with appellant in the courtroom would be "very traumatic" for J.D., and that this trauma "specifically related to the fear that he felt of having the defendant's threats being carried out." Navarre added that the trauma of which he spoke went beyond normal nervousness or excitement, and included "sleep disorders, probably conduct disorder ..., inability to focus, inability to go to school, do school work, onset of depression...." Navarre opined that testifying in

appellant's presence would set back J.D.'s treatment and recovery.

At the conclusion of the hearing, the district court found that use of the closed-circuit television procedure was necessary to protect J.D.'s welfare, that J.D. would be traumatized by appellant's presence in the courtroom, and that the emotional distress suffered by J.D. in appellant's presence was more than de minimis. These findings are supported by the evidence, which is comparable to or stronger than that deemed sufficient in *Gonzales, Hightower,* and *Dufrene.* Under the circumstances, permitting J.D. to testify via closed-circuit television did not violate appellant's constitutional confrontation right. The point of error is overruled.

The judgment of conviction is affirmed.