TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00119-CR







Jose Guadalupe Reyes, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0984356, HONORABLE FRED A. MOORE, JUDGE PRESIDING







 Appellant Jose Guadalupe Reyes was convicted of the offense of indecency with a
child by contact. See Tex. Penal Code Ann. § 21.11(a)(1) (West Supp. 2000). The jury assessed
appellant's punishment at imprisonment for twelve years. Appellant asserts that the "trial court
erred in allowing the child victim to testify via closed-circuit television." We will affirm the
judgment.

 Appellant complains specifically that the trial court did not have sufficient evidence
and abused its discretion in finding the child victim was "unavailable to testify" in the courtroom
and in allowing the victim to testify by the use of closed-circuit television. Further, appellant
contends that this error resulted in depriving him of his federal and state constitutional right to be
confronted with the witness against him. See U.S. Const. amend. VI, XIV; Tex. Const. art. I,
§ 10.

 The Supreme Court has held that if there is an adequate showing of necessity, the
state interest in protecting a child from the trauma of testifying in a child abuse case is sufficiently
important to justify the use of a procedure that permits the child to testify without face-to-face
confrontation with the defendant, and that the use of such a procedure would not violate the
defendant's Sixth Amendment right of confrontation. See Maryland v. Craig, 497 U.S. 836, 855
(1990); Ruiz v. State, 939 S.W.2d 245, 246 (Tex. App.--Austin 1997, no pet.). In determining
whether the Texas Constitution is violated by a procedure that permits a child to testify without
face-to-face confrontation with a defendant, the Court of Criminal Appeals used the same analysis
that was applied in Maryland v. Craig. See Gonzales v. State, 818 S.W.2d 756, 764 (Tex. Crim.
App. 1991).

 In proper circumstances the use of closed-circuit television has been approved for
the protection of child victim witnesses. See Craig, 497 U.S. at 855; Marx v. State, 987 S.W.2d
577, 579-83 (Tex. Crim. App. 1999); Gonzales, 818 at 764; Ruiz, 939 S.W.2d at 246-47. The
Code of Criminal Procedure provides the trial court may order that the testimony of a child be
taken during the trial in a room other than the courtroom and be televised into the courtroom by
closed-circuit equipment. See Tex. Code Crim. Proc. Ann. art. 38.071, § 3 (West Supp. 2000).

 In the trial of a defendant for the offense of indecency with a child, the Code of
Criminal Procedure provides guidelines for the trial court's determination of whether a child victim
twelve years of age or younger is "unavailable to testify":


 Sec. 8. (a) In making a determination of unavailability under this article,
the court shall consider relevant factors including the relationship of the defendant
to the child, the character and duration of the alleged offense, the age, maturity,
and emotional stability of the child, and the time elapsed since the alleged offense,
and whether the child is more likely than not to be unavailable to testify because:


 (1) of emotional or physical causes, including the confrontation with the
defendant or the ordinary involvement as complainant in the courtroom trial; or


 (2) the child would suffer undue psychological or physical harm through his
involvement at trial.



Tex. Code Crim. Proc. Ann. art. 38.071, § 8(a) (West Supp. 2000). In this case, the trial court
found the complainant was "unavailable to testify" and allowed the seven-year old complaining
witness to testify in a room other than the courtroom. In the courtroom, the jury and appellant
could see and hear the witness testify through the use of closed-circuit television.

 We must determine whether the trial court abused its discretion in finding that the
complainant was "unavailable to testify" in the courtroom and whether receiving the
complainant's testimony by the use of closed circuit television was justified. Prior to trial, the
Honorable Bob Perkins, Judge of the 331st District Court of Travis County, conducted a hearing,
and during trial, the Honorable Fred A. Moore, the trial judge, conducted a hearing. The purpose
of both hearings was to determine whether there was a necessity for receiving the complainant's
testimony by closed-circuit television. Both judges ruled that the use of closed-circuit television
was necessary to give the complainant the protection afforded child witnesses by Article 38.071. 
In addition to their own observations and argument of counsel, both judges had the benefit of
expert testimony. Mary Elizabeth Deterreire, a psychologist with a Ph.D. in psychology and
thirteen years of experience in treating sexually abused children, testified in both hearings. 
Deterreire had provided treatment for both the victim and his parents. Her treatment of the victim
included ten sessions for a total of fourteen hours. Although her treatment of the victim ceased
six months before trial, Deterreire had an opportunity to observe the victim for an hour at the time
of trial before she testified. Deterreire based her testimony on a number of factors: The victim
was depressed; he continuously displayed the hyperactivity and anxiety common to sexually
abused children; he had nightmares, clung to his parents, would not stay with others, engaged in
sexual behavior with their dog, and required his parents' constant supervision; appellant lived next
door to the victim; appellant's son was the victim's best friend; and appellant told the victim that
if he told about the abuse he had suffered, appellant would kill the victim's father. Deterreire had
reviewed the State's file and a videotape of the victim's interview at the Children's Advocacy
Center. Deterreire had been in the victim's home to make an assessment of his family. 
Deterreire's opinion was based on the facts of this case and her twenty-five years of clinical
experience, legal research, and her expertise as a clinician working with child abuse victims.

 Deterreire testified that the trauma of being sexually assaulted would remain with
the victim throughout his life. She had a "strong opinion" that the victim would be traumatized
by being in physical proximity or having visual contact with appellant in the courtroom. If
required to be in appellant's presence, Deterreire believed the victim's condition would worsen. 
Deterreire testified that the use of closed-circuit television was necessary to protect the child's
welfare. She testified that the additional trauma that the victim would suffer if he had to testify
in appellant's presence was more than de minimus, more than mere nervousness or excitement,
and more than reluctance to testify. She believed that to re-expose the victim to appellant would
resurrect flashbacks, anxiety, and shame. Deterreire concluded that "to bring the [victim] into
the courtroom in such close proximity to the defendant [ ] would further regress him and impede
any coping capacity that he now has to be able to answer simple questions regarding the charges."

 The evidence is sufficient for the trial court's determination and what we said in
Ruiz is applicable to this case. "[T]he closed-circuit television procedure [was] necessary to
protect the welfare of the child witness, the child witness would be traumatized by the presence
of the defendant, and the emotional distress suffered by the child witness in the presence of the
defendant [would be] more than de minimus, that is more than nervousness or reluctance to
testify." Ruiz, 939 S.W.2d at 247.

 We hold that the record shows an adequate basis and the necessity for allowing the
victim to testify by the use of closed-circuit television; the trial court did not abuse its discretion
in using the procedure followed. That procedure did not deprive appellant of his federal and state
constitutional right to be confronted with the witness against him. Appellant's point of error is
overruled.

 The judgment is affirmed.




 

 Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices Patterson and Dally*

Affirmed

Filed: August 31, 2000

Do Not Publish




* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



.D. in psychology and
thirteen years of experience in treating sexually abused children, testified in both hearings. 
Deterreire had provided treatment for both the victim and his parents. Her treatment of the victim
included ten sessions for a total of fourteen hours. Although her treatment of the victim ceased
six months before trial, Deterreire had an opportunity to observe the victim for an hour at the time
of trial before she testified. Deterreire based her testimony on a number of factors: The victim
was depressed; he continuously displayed the hyperactivity and anxiety common to sexually
abused children; he had nightmares, clung to his parents, would not stay with others, engaged in
sexual behavior with their dog, and required his parents' constant supervision; appellant lived next
door to the victim; appellant's son was the victim's best friend; and appellant told the victim that
if he told about the abuse he had suffered, appellant would kill the victim's father. Deterreire had
reviewed the State's file and a videotape of the victim's interview at the Children's Advocacy
Center. Deterreire had been in the victim's home to make an assessment of his family. 
Deterreire's opinion was based on the facts of this case and her twenty-five years of clinical
experience, legal research, and her expertise as a clinician working with child abuse victims.

 Deterreire testified that the trauma of being sexually assaulted would remain with
the victim throughout his life. She had a "strong opinion" that the victim would be traumatized
by being in physical proximity or having visual contact with appellant in the courtroom. If
required to be in appellant's presence, Deterreire believed the victim's condition would worsen. 
Deterreire testified that the use of closed-circuit television was necessary to protect the child's
welfare. She testified that the additional trauma that the victim would suffer if he had to testify
in appellant's presence was more than de minimus, more than mere nervousness or excitement,
and more than reluctance to testify. She believed that to re-expose the victim to appellant would
resurrect flashbacks, anxiety, and shame. Deterreire concluded that "to bring the [victim] into
the courtroom in such close proximity to the defendant [ ] would further regress him and impede
any coping capacity that he now has to be able to answer simple questions regarding the charges."

 The evidence is sufficient for the trial court's determination and what we said in
Ruiz is applicable to this case. "[T]he closed-circuit television procedure [was] necessary to
protect the welfare of the child witness, the child witness would be traumatized by the presence
of the defendant, and the emotional distress suffered by the child witness in the presence of the
defendant [would be] more than de minimus, that is more than nervousness or reluctance to
testify." Ruiz, 939 S.W.2d at 247.

 We hold that the